396 So.2d 596 (1981)
Govie MORAUS, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, Defendant-Appellant.
No. 8078.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
*597 Warren D. Ponder, Baton Rouge, for defendant-appellant.
Riddle & Bennett, John T. Bennett, Marksville, for plaintiff-appellee.
Joseph B. Olinde, Jr., Baton Rouge, for intervenor-appellee.
Simmons, Nelson & Dunn, Vince Dunn, Jr., Baton Rouge, for defendant-appellee.
Before CULPEPPER, FORET and SWIFT, JJ.
SWIFT, Judge.
The State of Louisiana, through the Department of Transportation and Development (DOTD), has appealed a judgment in favor of Govie Moraus, Lydia Armstrong and Ann Marie Lacy awarding each damages allegedly sustained as a result of a collision.
The facts of the accident are relatively undisputed. On December 5, 1978, at approximately 6:45 a. m. Joseph Y. Moraus was driving his pickup truck in which his father, Govie Moraus, was a passenger southerly on Louisiana Highway 1 approaching the bridge which crosses the Atchafalaya River at Simmesport. Simultaneously, Lydia Armstrong was driving an automobile in which Ann Marie Lacy was a passenger northerly approaching the same bridge. There was a thin sheet of ice on the road surface of the bridge. As the Armstrong automobile was ascending the bridge and the Moraus truck was descending, the car skidded, hit the side of the bridge to its right, bounced across the center lane, hit the other side of the bridge and stopped or almost stopped turned sideways across the southbound lane where it collided with the truck.
Neither vehicle was traveling fast. Mr. Moraus testified the speed of the truck was about five miles per hour and Mrs. Armstrong said she was going about 25 miles per hour when her car first hit the side of the bridge. Nothing indicated otherwise. The speed limit was 55 miles per hour.
The December 4 edition of the Alexandria Town Talk reported that the National Weather Service had predicted a freeze a freeze warning for central Louisiana with the low temperature that night into the 20s. Mr. Norvin J. Lemoine, DOTD's supervisor for this district, subscribed to the paper but denied having read same that day. He admitted, however, he was instructed by his superior in the Alexandria office on December 4 to display all "ICE ON BRIDGE" signs in the district because they were expecting a freeze the next morning with bridges icing over. His parish foremen were notified to do so shortly after 7:00 a. m. on December 4 and trucks were loaded that afternoon with lightweight gravel to be used in case of a freeze and ice on the bridges. Despite the notice the warning signs were not displayed until after the accident involved in this suit occurred. Mr. Lemoine contended this was because there was only a frost on December 5, but he also said that a gravel truck had been sent to a bridge on Highway 1 north of Marksville as ice was reported thereon at 6:30 a. m. that morning.
Both J. Y. Moraus and Mrs. Armstrong testified they did not see any ice on the bridge until their respective vehicle ascended same, but Moraus acknowledged there was ice on a small bridge which he had crossed earlier. These drivers said they found frost on their vehicles when they started same earlier that morning.
*598 Mr. Moraus sued DOTD for damages, alleging negligence in failing to warn of and to correct the hazardous condition of the bridge. DOTD answered, denying negligence, but pleading contributory negligence in the alternative. DOTD further asserted third party demands against Lydia Armstrong and Joseph Moraus, alleging negligence by each and seeking indemnification or contribution.
Lydia Armstrong answered and filed a reconventional demand against DOTD for personal injuries and property damage. Later Ann Marie Lacy filed a petition of intervention for her personal injuries and damages allegedly resulting from DOTD's negligence.
DOTD filed peremptory exceptions of prescription to Mrs. Armstrong's reconventional demand and Ms. Lacy's intervention. Both exceptions were overruled.
DOTD's third party demands against Mrs. Armstrong and Joseph Y. Moraus were dismissed on the basis of compromise settlements and releases executed by the latter parties, their insurers and the plaintiff. However, there remained at issue the possible reduction of the plaintiff's claim against DOTD under Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3 Cir. 1964).
After trial on the merits the trial judge concluded that DOTD was negligent in its failure to display the "ICE ON BRIDGE" signs and to place a surfacing agent over the ice within a reasonable time. He further concluded the two drivers were free from any negligence. Govie Moraus was awarded $105,687.07 as special damages and $100,000.00 for pain and suffering. The award to Ann Marie Lacy was $1,878.75 for special damages and $5,000.00 for pain and suffering. Lydia Armstrong was awarded $5,879.25 for special damages and $5,000.00 for pain and suffering.
The appellant's first specification of error is directed at the overruling of DOTD's peremptory exception of prescription of one year to the intervention of Ann Marie Lacy which was filed on May 19, 1980, well over a year after the accident of December 5, 1978.
Govie Moraus filed the main demand against DOTD on July 19, 1979. DOTD answered and filed its third party demands against Mrs. Armstrong and J. Y. Moraus on September 19, 1979. Service thereof was made on Moraus on the same day and on Armstrong on September 25, 1979. On December 21, 1979, Armstrong answered and filed her reconventional demand against DOTD. Lydia Armstrong was able to avoid a similar plea of prescription because her incidental demand was not prescribed when the main demand was filed and she filed her reconventional demand within 90 days of service of process on her of DOTD's third party demand. LSA-C. C.P. Article 1067.[1]
This article, however, is not applicable to Ms. Lacy's cause of action. By its plain terms it applies to a defendant or a third party defendant who files an incidental action in the suit within 90 days of the service on such party of a main demand or a third party demand. Ms. Lacy was not a party to the suit until her intervention was filed and, of course, was not served with any demand prior thereto. Therefore, neither the 90 day period nor the other provisions of the codal article have any relationship with her situation. Also, we might point out that under any interpretation of Article 1067, Ms. Lacy is unable to rely thereon as a bar to the one year prescription that accrued against her tort claim as her incidental action was not filed within 90 days of service of process of either the main or the third party demands on any party in this suit.
Ms. Lacy contends that the trial judge correctly relied on Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979), in overruling *599 DOTD's exception of prescription. In that case Allstate, who was obligated to employee Moore for workmen's compensation benefits by reason of a previous work-related accident, sued tort feasor Theriot alleging that in a subsequent automobile accident he aggravated Moore's back injury and thereby increased the compensation benefits Allstate was required to pay. Allstate was attempting to assert a right of subrogation under LSA-R.S. 23:1101. The suit was filed within the applicable one year prescriptive period. However, when Moore intervened seeking damages for the same injuries allegedly sustained in that second accident the year had expired. Allstate's main demand was dismissed as not stating a cause of action. However, the Supreme Court held that it had interrupted prescription by giving the defendant timely notice of Moore's claim based on the same factual occurrence because of the close connection "in relationship and identity of interest with the original plaintiff." We note that the cases cited by the supreme court to support this conclusion all involved one principal cause of action. In the case at bar there are three different claimants each asserting his or her distinct and separate cause of action which arose from the same accident. In our opinion these claimants are not sufficiently connected in relationship and identity of interest for the judicial demand of one to interrupt prescription running against each claimant. The judgment will therefore be reversed insofar as the award to Ann Marie Lacy is concerned as we find that her claim was extinguished by the prescription of one year.
Next, the appellant contends the trial court erred in holding that it violated any duty owed to Moraus and Armstrong.
Citing Laborde v. Louisiana Dept. of Highways, 300 So.2d 579 (La.App. 3 Cir. 1974) as the standard for imposition of liability, DOTD contends that it had no notice of the existence of a patent or obvious dangerous condition of the highway that it failed to correct within a reasonable time. We are in full accord with the trial judge's finding to the contrary on this factual issue. As stated above the supervisor for the district in which the bridge is located was informed by his superior on December 4 that a freeze and icing of bridges were expected on the following morning. Although trucks loaded with gravel or sand were available that afternoon, the "ICE ON BRIDGE" signs were not displayed, nor were any other warnings given or safety precautions taken until after this accident occurred the next morning.
The situation involved in this suit differs from that in Coleman v. Houp, 319 So.2d 831 (La.App. 3 Cir. 1975). In Coleman the weather reports did not indicate such a likelihood of bridges icing over as to have an overnight crew standing by and it was doubtful that the highway department had sufficient time to take the necessary precautions between the receipt of notice of the icing conditions in the area and the occurrence of the accident. Under those circumstances this court held there was no substandard conduct on the part of the department and also that it was not proven that what its employees did or did not do was a cause in fact of the accident. In the instant suit it was established that DOTD's employees had sufficient notice to take steps to prevent this accident.
We also agree with the trial judge's findings that the two drivers exercised reasonable care under the circumstances and were not guilty of negligence that proximately caused the accident.
Although Mr. Moraus said he noticed ice on a bridge crossed earlier, he reduced his speed at the Atchafalaya bridge and was proceeding almost at a walk in his own traffic lane when the collision occurred. There is no indication that Moraus was not maintaining a proper lookout, was not exercising proper control of his truck or was negligent in any other respect when the Armstrong vehicle crossed into his lane.
While Mrs. Armstrong lost control of her automobile because of the ice as she ascended the bridge, she had no prior notice of such hazardous condition and was then traveling at a reasonable rate of speed. The record fails to indicate that she was negligent in any way.
*600 Even if both drivers had knowledge that ice might be present, just because they chose to cross the bridge does not necessarily constitute negligence which caused the accident. The record supports the trial court's findings that in doing so both motorists exercised reasonable care under the circumstances.
Mr. Govie Moraus, the plaintiff, was a guest passenger and unquestionably was not guilty of contributory negligence that caused the accident.
Finally, appellant disputes the amounts of the awards. In our opinion that of Mrs. Armstrong is clearly within the maximum limit of the trial court's discretion. While it appears to us that the award to Govie Moraus is very high, particularly in view of his failure to follow his physician's recommendation of a fusion operation to help alleviate the pain which he contends he has experienced from the two ruptured discs that have been diagnosed to exist in his cervical spine, it is difficult for us to say the trial judge abused his "much discretion" in the award to Mr. Moraus in view of recent pronouncements of the courts of this state. Coco Industries, Inc. v. Winston, 341 So.2d 332 (La.1977); Reck v. Stevens, 373 So.2d 498 (La.1979); Polman v. Mohasco, 371 So.2d 838 (La.App. 4 Cir. 1979); Faciane v. Carter, 381 So.2d 1312 (La.App. 4 Cir. 1980).
For the foregoing reasons, the judgment of the district court is reversed insofar as it awards damages to Ann Marie Lacy in the sum of $6,878.75, with interest and court costs, and it is hereby ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of the defendant-in-intervention, State of Louisiana, through the Department of Transportation and Development, and against the intervenor, Ann Marie Lacy rejecting the latter's demands and dismissing the intervention at her costs (which are determined to be one-sixth of the total court costs in this proceeding). Otherwise the judgment is affirmed. The court costs assessed against the State of Louisiana, through the Department of Transportation and Development, including this appeal, are hereby fixed in the sum of $1011.30.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.