411 So.2d 1224 (1982)
Elizabeth WASHINGTON, et al.
v.
Bertha GOLDATE, et al.
No. 12597.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied April 16, 1982.
*1225 David Stone, Stephen G. Bullock, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for intervenor-appellant.
Daniel Lund, Montgomery, Barnett, Brown & Read, New Orleans, for defendants-appellees.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from the district court dismissing an intervention.
The facts underlying this action are not disputed by the parties. On July 5, 1978, Daniel Washington and Junius Banks were travelling in a truck that was struck by an automobile driven by defendant Bertha Goldate. Washington was killed and Banks was injured. Elizabeth Washington, as administratrix for her minor son, and Banks filed suit against Bertha Goldate alleging that her negligent operation of her car was the cause of Washington's death and the injury to Banks. The plaintiffs also sued the defendant's liability insurer, United States Fidelity and Guaranty Co. [hereinafter referred to as "USF&G"] and Washington's uninsured motorist insurer, Hartford Accident and Indemnity Co. [hereinafter referred to as "Hartford"]. At the time of the accident, Washington and Banks were employees of Cort Furniture Rental Corporation [hereinafter referred to as "Cort"]. The truck in which they were travelling at the time of the accident was owned by Cort. Cort claims that as a result of the accident, the vehicle was damaged beyond repair. Cort intervened in the action seeking recovery for property and other damages.
A chronology of the substantive and procedural events in this case is helpful to an understanding of the issues presented herein:
(1) July 5, 1978Accident
(2) July 3, 1979Banks and Washington survivors sue USF&G and Hartford
(3) July 10, 1979Service on USF&G and Hartford
(4) September 17, 1979Service on Goldate
(5) December 14, 1979Cort files petition of intervention
There are two issues presented by this appeal: (1) did Cort have a right to intervene in this action, and (2) if it did have a right to intervene, did prescription bar its right?
I. RIGHT TO INTERVENE
Article 1091 of the Louisiana Code of Civil Procedure states:
"A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff or defendant."
Until recently it was well established that an intervention in a personal injury suit for the purposes of asserting a property claim would not lie. See, e.g. Klotz v. Nola Cabs, Inc., 209 So.2d 158 (La.App. 4th Cir. 1968); Resor v. Mouton, 200 So.2d 308 (La.App. 4th Cir. 1967).
Recently, however, this restrictive approach to the construction of Article 1091 has been eased considerably. See, e.g. Home Indem. Co. v. Central La. Elec. Co., 384 So.2d 455, 458-61 (La.App. 3d Cir. 1980). In Gallin v. Travelers Insurance Co., 323 So.2d 908 (La.App. 4th Cir. 1975), this court specifically expanded its interpretation of Article 1091. The court specifically overruled its prior decision in Resor v. Mouton, supra. Resor involved a factual situation markedly similar to the one at issue in the present case: an automobile accident resulted in property damage to a nearby building. The Resor court refused to allow the building owner to intervene in the suit brought by the owners of the cars involved in the accident.
*1226 In Gallin, the court noted that the strict interpretation of Article 1091 had been criticized in Bellow v. New York Fire and Marine Underwriters, Inc., 215 So.2d 350 (La.App. 3d Cir. 1968). Although the operative facts in Gallin are somewhat different from the facts in the case before the court, its holding is broad enough to permit Cort's intervention. Furthermore, Gallin specifically overruled Resor v. Mouton, supra, which involved a similar set of facts.
In light of the broad interpretation to be given to Article 1091 as expressed by this court, we hold that Cort had the right to intervene in the action by Banks and Washington.
II. PRESCRIPTION
The second issue now before the court is whether Cort's right to intervention has prescribed.
La.C.C.Pr. art. 1067 stated:
"An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand."
Because an intervention is an incidental demand this article is applicable to the present case. La.C.C.Pr. art. 1031.
It is clear that at the time the main demand was filed, Cort could have filed suit against the defendants. La.C.C. art. 3536. Cort's intervention was filed on December 14, 1979, within ninety days after service on one of the defendants in the action, but after ninety days had elapsed since service on the remainder of the defendants. The issue presented, therefore, is whether the right to intervene prescribes ninety days after service of the main demand is first made on any of the defendants or after service is effected on any defendant, including the last one to be served.
Because this issue is one of first impression in Louisiana and there is some question as to the interpretation of Article 1067, we must follow the rules of statutory construction as set forth by the Louisiana Supreme Court. It has been held that prescriptive statutes should be construed strictly and in favor of that construction that maintains an action, rather than bars it. E.g. Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972).
In light of the Louisiana Supreme Court's mandates on the rules of construction and the nature of this code article, we find that an intervention filed within ninety days of service on any of the defendants, including the last to be served, is proper. Although it has been suggested that this interpretation may lead to procedural delays, we nevertheless are compelled to allow the intervention. To rule otherwise would be to usurp the power accorded to the legislature. A holding disallowing intervention on prescriptive grounds in the instant case would require legislative, rather than judicial action.
We note that this article was added to the Code of Civil Procedure and amended in 1970 and 1974, respectively. Although the legislature may not have intended all of the procedural consequences of Article 1067 as it now is written, they nevertheless flow from the provision. Any decision to limit the application of Article 1067 to preclude an intervention such as the one in the present case should be made by the legislature.
For the foregoing reasons, the decision of the trial court dismissing the intervention of Cort is hereby REVERSED.
REVERSED.