441 So.2d 395 (1983)
Mary R. HILDEBRAND and Charles Hildebrand
v.
Arthur C. SCHNELL, Watson Pierce, Virginia Cheramie, Barry J. Bordelon, Lumberman's Mutual Casualty Insurance Co., Inc., Alabama Farm Bureau Mutual Insurance Co., Inc., Shelter Mutual Insurance Company, A/K/A MFA Mutual Insurance Company, Allstate Insurance Company, and State Farm Mutual Automobile Insurance Co.
No. CA 0792.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1983.
Thomas R. Blum, Kenneth R. Bowen, Simon, Peragine, Smith & Redfearn and Steven M. Lozes, Lozes & Lozes, New Orleans, for plaintiffs-appellees.
*396 Burt K. Carnahan, Sidney J. Angelle, Lobman & Carnahan, Metairie, for plaintiffs-appellees-respondents Mary Hildebrand and Charles Hildebrand State Farm Mut.
R. Henry Sarpy, Jr., Earl A. Bridges, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellants Arthur C. Schell and Lumberman's Mut.
Charles E. Cabibi, Cabibi & Cabibi, New Orleans, for third party intervenor-appellant.
Before SCHOTT, WARD and CIACCIO, JJ.
SCHOTT, Judge.
This suit arose out of an accident involving five automobiles. Its date was February 18, 1981. The main demand was filed by Mr. and Mrs. Charles Hildebrand against the other four drivers and their insurers, including Watson Pierce and his insurer, Alabama Farm Bureau Mutual Casualty Insurance Company. The defendants filed reconventional and third party demands against one another. On October 14, 1982, Mrs. Melonese Davis Pierce filed what she styled a "Third Party Petition" against the five drivers and their insurers alleging that she was a passenger in Pierce's automobile and seeking damages for personal injuries. Four of the five sets of defendants (not Pierce and Alabama) responded with peremptory exceptions of no cause of action and prescription, LSA-C.C.P. Art. 927. The trial court overruled the exceptions of no cause of action but sustained the exceptions of prescription and dismissed Mrs. Pierce's petition. She has appealed and all defendants-exceptors have answered the appeal re-urging their exceptions of no cause of action. The principal issues in the case are 1) whether Mrs. Pierce's so called third party demand is in fact an intervention, C.C.P. Art. 1091 and 2) if so, whether C.C.P. Art. 1067 protects her claim from the one year prescription of C.C. Art. 3536.
Although styled a third party petition Mrs. Pierce's claim is simply one for her own damages incurred in the accident. Since it is not a claim for contribution or indemnity in the event she is cast in judgment on the main demand it cannot be considered a third party demand. C.C.P. Art. 1111, Union Service & Maintenance v. Powell, 393 So.2d 94 (La.1980). However, Mrs. Pierce's claim has the characteristics of an intervention, C.C.P. Art. 1091, viz., Mrs. Pierce is a third person to the action seeking to enforce a right related to or connected with the pending action by opposing both plaintiffs and defendants. Thus, we consider her action an intervention regardless of her erroneous classification of it as a third party demand. See Union Service & Maintenance v. Powell, supra.
We next consider whether Mrs. Pierce's claim is barred by the one year prescription of C.C. Art. 3536. In support of her argument she relies first on this court's application of C.C.P. Art. 1067 in Washington v. Goldate, 411 So.2d 1224 (La. App. 4th Cir.1982). The article provides as follows:
"An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand"
Washington involved these critical dates: July 5, 1978Accident in which Cort's two
employees were respectively injured and killed.
July 3, 1979Damage suit filed by injured
employee and decedent's survivors against adverse driver and insurers.
July 10, 1979 Service on adverse insurers.
September 17, 1979Service on adverse driver.
December 14,1979Intervention by Cort to collect damage to its truck.
The court reasoned that an intervention is an incidental demand under C.C.P. Art. 1031, and, therefore, Cort's intervention was not barred by prescription since it was *397 filed within ninety days of service of the main demand on the adverse driver.
In Moraus v. State, through Dept. of Transp., 396 So.2d 596 (La.App. 3rd Cir. 1981) the court was confronted with the same question. There the following chronology was pertinent:
December 5, 1978Accident in which Govie Moraus was injured while a guest passenger in his son's truck.
July 19,1979Damage suit filed by Govie Moraus against the Department of Transportation.
September 19, 1979Third party demand filed by Department against young Moraus and the other driver, Armstrong. Young Moraus served with third party petition.
September 25, 1979Armstrong served.
December 21, 1979Reconventional demand filed by Armstrong against the Department.
May 19,1980Intervention filed by Anne Marie Lacy a passenger in Armstrong's car, against the Department for damages she sustained in the accident.
In considering exceptions of prescription filed by the Department against Armstrong and Lacy the court overruled the exception against Armstrong, reasoning that she filed her reconventional demand within ninety days after the Department's third party demand was served on her pursuant to C.C.P. Art. 1067. However, as to Lacy's claim, the court stated as follows at page 598:
"This article, however, is not applicable to Ms. Lacy's cause of action. By its plain terms it applies to a defendant or a third party defendant who files an incidental action in the suit within 90 days of the service on such party of a main demand or a third party demand. Ms. Lacy was not a party to the suit until her intervention was filed and, of course, was not served with any demand prior thereto. Therefore, neither the 90 day period nor the other provisions of the codal article have any relationship with her situation."
We are convinced that this interpretation is correct. Art. 1067 is designed to enable a litigant who is brought into a suit after prescription would normally have run to assert his claim against the party who brought him in as well as other parties. But it is not designed to enable a virtual stranger to the litigation to enter the law suit and assert claims which are independent of those being litigated. This interpretation is consistent with the following language from Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983):
"The filing by one party of a suit to recover his damages usually does not affect the running of prescription against other parties who sustained separate damages in the same accident ...."
* * * * * *
"However, when a suit by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action ...."
We are aware that in the Moraus case, as was noted in Romero v. Richard, 425 So.2d 355 (La.App. 3rd Cir.1982), the court also made this observation following the language quoted above:
"Also, we might point out that under any interpretation of Article 1067, Ms. Lacy is unable to rely thereon as a bar to the one year prescription that accrued against her tort claim as her incidental action was not filed within 90 days of service of process of either the main or the third party demands on any party in this suit."
Assuming for the sake of argument that a third party such as Mrs. Pierce could assert an independent cause of action under C.C.P. Art. 1067 her claim is nonetheless barred by the article's limit of ninety days from service of the main demand or of the third party demands on any party in the suit. While plaintiffs, Mr. and Mrs. Hildebrand, did not effect service of their demand on Barry Bordelon, one of the drivers involved in the case, when Virginia Cheramie, *398 another driver, and her insurer answered the Hildebrand petition, they filed a third party demand on Bordelon and had him served with a copy of the main demand in April, 1982. Thus, Mrs. Pierce's intervention filed in October, 1982, was not filed within ninety days of the date of service of the main demand or third party demand on any party. For this reason, our decision that Mrs. Pierce's intervention is barred by prescription does not require an overruling of Washington v. Goldate, supra.
Appellant contends that R.S. 9:5801 supports her position by providing:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants ... by the commencement of a civil action ..."
However, in Brown & Root v. Missouri Pac. R. Co., 381 So.2d 1255 (La.App. 4th Cir.1980) we stated that this statute "only saves a late-filer from prescription when the late-filer's own cause of action has been sued upon in a timely-filed demand." As in the cited case, this is not our situation in the instant case. Appellant's damages were not sued for by any timely petition filed by the other parties to this litigation.
Finally, appellant's reliance on Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979) is misplaced. There the court considered the question of prescription as to an intervention filed by Moore after the expiration of the prescriptive year in a timely-filed suit by his workmen's compensation carrier in which the carrier was seeking to recover benefits it paid to Moore. Holding that Moore's claim was not prescribed the court reasoned on page 954 that:
"... to interrupt prescription the first suit must not only be based upon the same factual occurrence as is the subsequent claim by amended petition or intervention; the subsequent claimant must also be closely connected in relationship and identity of interest with the original plaintiff.
Appellant is not closely connected in relationship and identity of interest with the other parties. She is a stranger seeking her own individual damages.
Because we have concluded that Mrs. Pierce's claim had prescribed and was, therefore, correctly dismissed we need not consider the issue raised by appellees in their answer to the appeal as to whether the trial court correctly overruled appellees' exceptions of no cause of action.
The judgment appealed from is affirmed.
AFFIRMED.