524 So.2d 241 (1988)
Jean WOOD on Behalf of her Minor Son Jon Anthony HAYES
v.
David HAYES, the Parish of Jefferson, the Jefferson Parish Recreational Department, ABC Insurance Company, and XYZ Insurance Company.
No. 87-CA-755.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
*242 Philip C. Ciaccio, Jr., New Orleans, for plaintiffs-appellants.
John J. Weigel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee Parish of Jefferson.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.

ON WRIT OF REVIEW
KLIEBERT, Judge.
Ms. Jean Wood, in her representative capacity, filed a suit for damages on behalf of her minor son on October 29, 1985 alleging that David Hayes, a Jefferson Parish employee, committed sexual assault on her minor son. Subsequently, on April 25, 1986, under the same docket number, she filed a pleading entitled "Petition for Intervention" claiming damages for herself for loss of consortium. In response to the so-called petition in intervention, the Parish filed an exception of prescription grounded in the one year prescription for torts prescribed by Civil Code Article 3492. In defense of the exception, Ms. Wood argued her pleading was an incidental demand and timely filed under the provisions of Code of Civil Procedure Article 1067. The trial judge maintained the exception and dismissed the petition for intervention.
Then Ms. Wood filed a motion seeking leave of court to amend the original petition (filed in her representative capacity) to *243 allege her personal damages for loss of consortium and to vacate the court's ruling on the exception of prescription and permit her to voluntarily dismiss the petition for intervention, or, alternatively, for a new trial. When the trial judge denied all relief requested in the motion, an application for supervisory writs was filed with this court. We granted a writ of review and set the case for hearing on our regular appellate docket. For the reasons hereafter stated, we affirm the rulings of the trial court on both issues.
Counsel for Ms. Wood argues that her individual pleading entitled "Petition for Intervention" was filed pursuant to the provisions of Code of Civil Procedure Article 1091 and is an incidental demand (as defined by Code of Civil Procedure Article 1031); therefore, under the provisions of Code of Civil Procedure Article 1067, which provides as follows, the petition is not barred by prescription:
Art. 1067. When prescribed incidental or third party demand is not barred
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
In support of his position counsel for Ms. Wood cites Romero v. Richard, 425 So.2d 355 (3rd Cir.1982) which followed the reasoning of Washington v. Goldate, 411 So. 2d 1224 (4th Cir.1982). In the latter case, Washington's survivors filed suit for his wrongful death in an accident which occurred on July 5, 1978. At the time of the accident, Washington was driving a truck owned by his employer, Cort. More than one year after the accident, but within ninety days of a service of the original petition filed by Washington's survivors, one of the insurers of Cort filed a petition in intervention claiming damages for the truck being operated by Washington at the time of the accident. The Fourth Circuit, citing C.C.P. Article 1091, found Cort had a right to intervene and since an intervention is an incidental demand, Article 1067 applied. Further, it found the filing of the intervention within ninety days of the service on any defendant, including the last to be served, was sufficient. Subsequently, however, in Hildebrand v. Schnell, 441 So.2d 395 (4th Cir.1983) a different panel of the Fourth Circuit, citing Moraus v. State, through DOTD, 396 So.2d 596 (3rd Cir. 1981) reasoned that a claim asserted by a passenger over one year after the first driver commenced an action against the other four drivers asserted an independent cause of action and consequently was not an incidental demand within the meaning of C.C.P. Article 1067. Nevertheless, since it found the intervention was not filed within the ninety days prescribed by the article, it concluded it was unnecessary to overrule the Washington case, supra.
We believe C.C.P. Article 1067 is designed to enable a litigant who is brought into a suit, after prescription would normally have run, to assert his claim within ninety days against the party who brought him in, or where his cause of action is the same as that of other existing litigants, against parties in the suit other than the one who brought him into the litigation. It is not designed to allow a virtual stranger to the litigation to enter into the lawsuit and assert claims which are independent of those being litigated. Moraus v. State, through DOTD, supra; Hildebrand v. Schnell, supra; See also Louviere v. Shell, 440 So.2d 93 (La.1983).
Thus, under our interpretation of Article 1067, the prescription issue turns on whether Ms. Wood's intervention is the same or a different cause of action from that already in litigation. The claim for damages by Jon Hayes (Ms. Wood's minor son) and Ms. Wood arises out of the same facts; however, the loss of consortium claimed by Ms. Wood is a separate and distinct cause of action from her son's claim. See Ferguson v. Burkett, 454 So.2d 413 (3rd Cir.1984); Carroll v. Newtron, Inc., 477 So.2d 719 (3rd Cir.1985). Hence, C.C.P. Article 1067 has no application to the situation involved here.
*244 We next turn to Ms. Wood's contention that she has a right to amend the original petition and to seek authority to file the amendment under the provisions of C.C.P. Article 1153 and, where, as here, the action asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of filing the original pleading. Since her amended petition would relate back to the date of filing of the initial pleading, she contends her claim was timely filed.
In Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985), where the amended petition, filed after prescription had run, added major children as plaintiffs and changed the husband's capacity in a survival action from the administrator of the children's estate to his individual capacity, the supreme court set forth the following four-part test to determine whether the amended petition would be allowed to relate back to the date of filing the original petition, to-wit:
(1) The amended claim arises out of the same conduct, transaction or occurrence set forth in the original pleading;
(2) The defendant either knew or should have known of the existence and involvement of the new plaintiff;
(3) The new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;
(4) The defendant will not be prejudiced in preparing and conducting his defense.
Since the children's claim in Giroir fulfilled those criteria, the amendment related back to the date of the original petition.
Here, defendants knew of the existence of Ms. Wood because she sued on behalf of her minor son in the original petition and has a close familial relationship with her son. However, the claim by Ms. Woods for the loss of consortium of her minor son is wholly new and unrelated to her son's original claim for damages. The addition of Ms. Wood individually as a plaintiff and the assertion of her personal claim for damages would change the basic underlying claim of the original demand. This distinguishes the situation here to that involved in the Giroir case. In Giroir, the children were added by amended petition to their father's wrongful death and survival action based on the death of their mother, "and the addition of them as plaintiffs does not change the basic underlying claim" (Giroir at page 1045) because it is the same cause of action merely being asserted by additional plaintiffs. Here Ms. Wood's amendment attempts to assert a new cause of action which changes the underlying claim from damages for mental problems, etc., resulting from sexual abuse, to a loss of consortium resulting from those mental problems.
In Poirrier v. Browning-Ferris, 517 So. 2d 998 (3rd Cir.1987) writ denied November 20, 1987, the Third Circuit concluded the wife's claim for lack of consortium was a separate cause of action from the husband's claim for personal injuries and hence maintained an exception of prescription to the wife's effort to assert her claim for filing an amendment to the husband's original petition for personal injuries.
"When a suit filed by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action ..." Louviere, supra. Therefore, the second supplemental and amending petition does not meet the requirements for relating back to the date of filing the original petition required by C.C.P. Article 1153.
In our opinion, therefore, the rulings of the trial court were correct. Accordingly, for the foregoing reasons, the application for writs of mandamus and prohibition is denied. Costs are to be borne by the applicant.
RULINGS AFFIRMED; WRIT OF MANDAMUS DENIED.