615 So.2d 1092 (1993)
Arean MOORE, as Natural Tutrix of Her Minor Children, Traney Moore, Tasha Moore and Terrence Moore
v.
GENCORP, INC., Gencorp, Inc. of Ohio, et al.
No. 92-CA-0674.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1993.
Writ Granted June 18, 1993.
Lloyd W. Hayes, Katherine B. Muslow, Thomas, Hayes and Beahm, New Orleans, for appellees.
Thomas L. Gaudry, Jr., Michael L. Martin, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gretna, for appellants.
Before WARD, JONES and LANDRIEU, JJ.
WARD, Judge.
Edwina Griffin filed proceedings styled as an "intervention" in this lawsuit, claiming damages for herself and her minor children for the wrongful death of her husband and their father, Wallace Griffin. The intervention was filed more than three years after the death of Wallace Griffin. The issue is whether Edwina Griffin has timely brought this claim by filing an "intervention" in a lawsuit first brought by Arean Moore.
Arean Moore filed the main demand claiming damages for wrongful death on behalf of her minor children, who she alleges were acknowledged illegitimate children of Wallace A. Griffin. The trial court found that Edwina Griffin's intervention was not timely filed under the wrongful death statute providing for liberative prescription of one year. Mrs. Griffin and her children appeal that decision.
*1093 The facts and procedure underlying this action are not disputed by the parties. Wallace A. Griffin died in a single car accident on June 2, 1987. On May 20, 1988, Arean Moore, who was living with Wallace Griffin at the time of his death, filed this lawsuit on behalf of her minor children, Traney, Tasha and Terrence Moore, against General Tire (Gencorp. Inc.), the manufacturer of a tire on the car Griffin was driving. She alleges that the automobile tire was manufactured defectively and that this product defect caused Wallace Griffin's death. As natural tutrix of her children, she seeks damages for the wrongful death of Wallace Griffin. General Tire answered the petition, denying liability.
After General Tire answered Arean Moore's petition, she then amended her petition on August 2, 1990, to add General Tire's liability insurer, Liberty Mutual, as a defendant. Counsel for Arean Moore and her children also represents Edwina Griffin and her children, and counsel acknowledges that Arean Moore's suit was amended to permit Mrs. Griffin and her children to timely make their claim by this intervention, relying on C.C.P. art. 1067. Consequently, immediately after the petition was amended, on August 3, 1990, Edwina Griffin filed this intervention for her own claim and for those of her children, seeking to join their wrongful death claims and survival actions with Moore's claims in the original petition.
The defendants urged exceptions of prescription and/or no cause of action to the intervention. On the day of trial, the trial court maintained the exception of prescription without issuing reasons and dismissed the intervention. Thereafter, the main demand was tried and resulted in a judgment in favor of Moore. Mrs. Griffin and her children appeal the trial court ruling which held that their intervention was time barred. Mrs. Griffin maintains that the filing of their intervention was not barred by prescription because it was filed within ninety days of service of the amended petition, and under C.C.P. Art. 1067, it was timely filed as an incidental demand.
Although this is an "incidental" action because it is an "intervention," we hold that C.C.P. Article 1067 was intended to apply only to those parties who were sued in either the original suit or as a third party defendant, and not to non-party plaintiffs with an independent cause of action.
C.C.P. Art. 1031 authorizes incidental actions:
Incidental demands allowed:
A. A demand incidental to the principal demand may be instituted against an adverse party, a co-party, or against a third person.
B. Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties.
C.C.P. Art. 1067 provides:
When prescribed incidental or third party demand is not barred:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of the date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
In support of their position, Mrs. Griffin relies on Washington v. Goldate, 411 So.2d 1224 (La.App. 4 Cir.1982); Romero v. Richard, 425 So.2d 355 (La.App. 3 Cir.1982) and Williams v. Jefferson, 586 So.2d 666 (La. App. 2 Cir.1991).
Mrs. Griffin is correct when saying Williams v. Jefferson, supra, supports her position that an intervenor may timely file an intervention within ninety days of filing of the main demand. We disagree with that conclusion as applied to the facts of this case and we decline to follow the Second Circuit's interpretation of C.C.P.Art. 1067. Mrs. Griffin's reliance on Romero v. Richard, 425 So.2d 355 (La.App. 3 Cir.1982) is misplaced. It is distinguishable both factually and procedurally. Richard filed an incidental demand, and a cross-claim against another defendant, Gilmore, within ninety days after service of Romero's main demand.
*1094 In Washington v. Goldate, Washington's survivors filed suit for his wrongful death in an accident which occurred on July 5, 1978. At the time of the accident, Washington was driving a truck owned by his employer, Cort. More than a year after the accident, but within ninety days of service of the original petition, Cort's insurer filed a petition of intervention claiming damages to the truck Washington was driving at the time of the accident. This Court, citing C.C.P. Art. 1091, ruled Court had a right to intervene and since intervention is an incidental demand, C.C.P. Art. 1067 was applicable. This Court stated: "... we find that an intervention filed within ninety days of service on any of the defendants including the last to be served, is proper."
Nevertheless, we decline to follow Washington and overrule it, but only insofar as it holds that an intervention not otherwise timely filed may still be timely if filed 90 days after either service of the main demand or service of a third party demand.[1] We hold that Article 1067 applies only to incidental actions filed by those parties who have been sued as defendants or third party defendants. This court considered Washington in the case of Hildebrand v. Schnell, 441 So.2d 395 (La.App. 4 Cir.1983). In Hildebrand another panel of this Court said that a claim made by a passenger more than one year after the driver filed suit was prescribed because the claim asserted an independent cause of action, not an incidental demand within the meaning of C.C.P. Article 1067. That panel disagreed with the holding of Washington with regard to C.C.P. Art. 1067, but found that it was not necessary to overrule Washington, supra. The intervention in Hildebrand was not filed within the ninety day period provided for in the Article, therefore, even under Washington the intervention was not timely, and, therefore, there was no need to overrule Washington.
We believe the holding in Moraus v. State, through Department of Transportation., 396 So.2d 596 (La.App. 3 Cir.1981) is correct. C.C.P. Art. 1067 is not applicable to interventions where the intervenor asserts an independent cause of action. That case arose from a December 5, 1978 accident in which Govie Moraus was injured while a passenger in his son's truck. On July 19, 1979, Govie Moraus sued the Department of Transportation. On September 19, 1979, the Department third partied the younger Moraus and the other driver, Armstrong. On September 25, 1979, Armstrong was served. On December 21, 1979, Armstrong reconvened against the Department. On May 19, 1980, Ms. Lacy, a passenger in Armstrong's car intervened against the Department for the damages she sustained.
In considering exceptions of prescription filed by the Department against Armstrong and Lacy, the Court overruled the exception against Armstrong reasoning that she had filed her reconventional demand within ninety days after the Department's third-party demand was served on her pursuant to C.C.P. Art. 1067. However, as to Ms. Lacy's claim, the Court stated as follows at page 598:
This Article, however, is not applicable to Mrs. Lacy's cause of action. By its plain terms, it applies to a defendant or a third party defendant who files an incidental action in the suit within 90 days of the service on such party of a main demand or a third party demand. Ms. Lacy was not a party to the suit until her intervention was filed and, of course, was not served with any demand prior thereto. Therefore, neither the 90 days period nor the other provisions of the codal article have any relationship with her situation.
This interpretation was also followed by the Fifth Circuit Court of Appeal in Wood v. Hayes, 524 So.2d 241 (La.App. 5 Cir. 1988). It is also consistent with the following language from Louviere v. Shell Oil Company, 440 So.2d 93 (La.1983):
The filing by one party of a suit to recover his damages usually does not affect *1095 the running of prescription against other parties who sustain separate damages in the same accident ...
However, when a suit by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common fact, the first suit does not interrupt prescription as to the subsequent cause of action ...
We believe Moraus, supra., reaches the correct result because Article 1067 is designed to enable a litigant who is brought into a suit after prescription would normally have run to assert his claim against the party who brought him in as well as other parties. It is not designed to enable one without an interest in the pending litigation to enter the lawsuit and assert claims which are independent of those being litigated even though the claim may have arisen out of the same/actual circumstances.
The legislative history supports the Moraus interpretation of Article 1067. The Legislature enacted Act 472 of 1970, designed to be a part of the Code of Civil Procedure as Article 1067, to eliminate the practice that was described in this court's decision of Gruber v. Perkins, 192 So.2d 222 (La.App. 4th Cir.1966). In that case, this court held that a defendant served late within the prescriptive period was barred from asserting a reconventional demand filed more than one year after the time of the accident. This led to the practice of plaintiffs waiting until the last minute to file suit so that service of the defendant would occur after prescription thereby barring a reconventional demand. The Louisiana Law Institute proposed changes, and Act 472 of 1970, Article 1067, was enacted to eliminate this unseemly practice. It first applied only to reconventional demands. It read, as it was first enacted:
A reconvention is not barred by prescription if it was not barred at the time the main demand was filed; provided such reconvention is filed within ninety days of date of service of main demand.
After this amendment, the Code of Civil Procedure was still criticized for not dealing adequately with third party demands. See 46 Tul.L.Rev. 1044. In response to this criticism, the Law Institute recommended another amendment to Article 1067 to permit a defendant to obtain relief from third parties and in response to the Law Institute's recommendation, the legislature passed Act 86 of 1974. Both the Tulane Law Review article and the Law Institute recommendation make it clear that the amendment was proposed to give relief to original defendants and even third party defendants who had been sued, although the statute did not use the exact language of the Law Institute's recommended legislation. The statute says "incidental" demands, but it is clear that the purpose of the amendment was to give additional time to file incidental actionsreconventional, cross-claims or third party demandsto those parties who were initially sued either as defendants or third party defendants. Article 1067 was never intended to extend time limitations to parties not sued either in the main demand or by third party demand.
Black's Law Dictionary defines "incidental" as follows:
Depending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal; something incidental to the main purpose. Black's Law Dictionary 686 (5th Ed.1979)
Moreover, just as in Hildebrand, supra, Mrs. Griffin's "intervention" is an independent cause of action; it is not dependant upon, nor collateral or accessory or ancillary to the principal action; therefore, it is not an incidental action as contemplated by the codal provisions.
Mrs. Griffin could have and should have asserted her claim as a main demand, as it is independent of, not dependent upon, Arean Moore's claims.
For these reasons, Mrs. Griffin's action was not timely filed no matter what it is styled, and we affirm the trial court's dismissal of Griffin's petition and cause of action because it is barred by liberative *1096 prescription. Appellant must bear the cost of this appeal.
AFFIRMED.
NOTES
[1] Our opinion in this matter conflicts with an earlier opinion of this court in Washington v. Goldate, 411 So.2d 1224 (La.App. 4th Cir.1982). In accordance with the internal rules of the court the question of overruling Washington was presented to the court en banc. A majority has approved.