633 So.2d 1268 (1994)
Arean MOORE, as Natural Tutrix of Her Minor Children, Traney Moore, Tasha Moore, and Terrence Moore
v.
GENCORP, INC., Gencorp, Inc. of Ohio, et al.
No. 93-C-0814.
Supreme Court of Louisiana.
March 22, 1994.
*1269 Thomas L. Gaudry, Jr., Michael L. Martin, Windhorst, Gaudry, Ranson, Higgins & Gremillion, for applicant.
Lloyd W. Hayes, Katherine B. Muslow, Thomas, Hayes & Beahm, for respondents.
DENNIS, Justice.[*]
The issue is whether an intervention by recently alerted wrongful death claimants, which was not barred by prescription at the time the principal wrongful death action was originally filed, is timely, if filed within ninety days of the date of service of an amended principal demand. The trial court maintained the defendants' exception of prescription and the court of appeal affirmed. Moore v. Gencorp, Inc., 615 So.2d 1092 (La.App. 4th Cir.1993). We granted certiorari, 619 So.2d 556 (La.1993), and now reverse. Because the action asserted in the amended principal demand arose out of the conduct, transaction, or occurrence set forth in the original petition, the amended principal demand related back to the date of the filing of the original petition. An intervention is an incidental demand. Consequently, the intervention in the present case was not barred by prescription because it was not barred at the time the main demand was filed and was filed within ninety days of the date of service of the amended principal demand. La.Code Civ.P. art. 1067.
On June 2, 1987, Wallace A. Griffin was fatally injured when the right front tire of the van he was driving blew out causing the van to strike a guardrail and causing the ejection of Griffin. Arean Moore filed a wrongful death and survival action on May 20, 1988, as natural tutrix and on behalf of her three children who are acknowledged illegitimate children of Wallace Griffin, against Gencorp, Inc. and/or Gencorp, Inc. of Ohio and/or General Tire Inc. (collectively referred to as Gencorp), the manufacturer of the tire. In her petition, Moore alleged that the tire was manufactured defectively and that this defect caused Wallace Griffin's death. On August 2, 1990, Moore amended her petition to add Liberty Mutual Insurance Company, Gencorp's insurer, as a defendant.
*1270 On August 3, 1990, a petition of intervention was filed by Edwina Griffin, Wallace Griffin's wife, individually and as natural tutrix of their two minor children, Kenya and Kenyatta Griffin; Attlena Griffin and Sessnay Griffin, Wallace Griffin's two major children; and Kimberly Bradford Butler, Wallace Griffin's acknowledged major child (collectively referred to as intervenors). The intervenors reiterated, reaverred, and adopted the pertinent allegations of plaintiffs' petition and prayed for a judgment against the defendants, together with legal interests and costs.
Among other pleadings, the defendants filed an exception of prescription and/or no cause of action in opposition to the intervention, averring that all demands and causes of actions set forth in the petition of intervention have prescribed under Louisiana Civil Code articles 2315.1 and 2315.2. The trial court maintained the exception of prescription and dismissed the intervention. The intervenors appealed arguing that their claim was timely filed under Louisiana Code of Civil Procedure article 1067. Defendants argued that Article 1067 was designed only to allow a litigant who is brought into a lawsuit at the end or very near the end of the prescriptive period, an additional ninety days from service of the main demand to assert an incidental claim. The court of appeal held that Article 1067 did not apply to intervenors and affirmed the trial court. Moore v. Gencorp, Inc., 615 So.2d 1092 (La.App. 4th Cir. 1993). We granted certiorari, 619 So.2d 556 (La.1993), and now reverse.
It is undisputed that the amendment of the original petition asserted an action arising out of the same conduct, transaction, or occurrence set forth in the original pleading and therefore related back to the date of the filing of the original pleading. La.Code Civ.P. art. 1153. Further, there is no doubt that the intervention filed by the recently alerted wrongful death claimants was an incidental demand within the meaning given that term by the code of civil procedure. "Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties." La.Code Civ.P. art. 1031 B. The only question raised by the present case that we need address is whether the legislature intended to exclude intervention from the meaning of the term "incidental demand" that it used in Article 1067 of the same chapter of the code of civil procedure.
Louisiana Code of Civil Procedure article 1067 provides:
Art. 1067. When prescribed incidental or third party demand is not barred
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
The language and history of Article 1067 clearly express the legislative aim to include intervention within the meaning of incidental demand as used in that article.
First, always, is the question whether the legislature has directly spoken to the precise question at issue. If the intent of the legislature is clear, that is the end of the matter; for the courts must give effect to the unambiguously expressed intent of the legislature if its application does not lead to absurd consequences. La.Civ.Code art. 9; Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991). Cf. Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). We think intervention is clearly within the intended scope of Article 1067 and that its application thereunder does not produce ridiculously unreasonable, unsound, or incongruous results. Intervention is expressly included by name and definition within the incidental demands allowed according to the general dispositions section of "Chapter 6. Incidental Actions" of the code of civil procedure. Intervention is a word of art or technical procedural law term and must be given the technical definition intended by the code in the present case involving a civil procedure question. Article 1067 itself speaks of incidental demand generally, without qualification or exclusion of any particular such demand in both its title and its body. In short, there is no implication or suggestion in the legislated law that intervention should be *1271 silently read out of the provisions of Article 1067 pertaining to when a prescribed incidental or third party demand is not barred.
Second, the history of Article 1067 indicates the clear legislative intent to include intervention under its aegis as a class of prescribed demand to be granted limited protection from the bar of prescription. As originally added by Act 472 of 1970, Article 1067 provided:
Art. 1067. When prescribed reconvention is not barred
A reconvention is not barred by prescription if it was not barred at the time the main demand was filed; provided such reconvention is filed within ninety days of date of service of main demand.
Evidently, when Article 1067 was amended by Act 86 of 1974, the legislature and its drafters consciously and specifically chose to include intervention within the incidental demands to be granted this brief respite from the bar of prescription. Obviously, had the lawmakers intended otherwise they easily could have excluded intervention from the incidental demands to be saved by the effects of Article 1067.
One of the reasons that this court granted the application for a writ in the present case is that the decision of the court of appeal conflicts with the decisions of the other courts of appeal on the same legal issue. See Williams v. Jefferson, 586 So.2d 666 (La. App. 2d Cir.1991); Romero v. Richard, 425 So.2d 355 (La.App. 3d Cir.1982); Batiste v. Cooper, 417 So.2d 437 (La.App. 1st Cir.1982); Washington v. Goldate, 411 So.2d 1224 (La. App. 4th Cir.1982); Thomas v. W & W Clarklift, Inc., 365 So.2d 913 (La.App. 4th Cir.1978). In general, we approve of the decisions in the latter cases because they give effect to the unambiguously expressed intent of the legislature in Article 1067. We expressly disapprove of the reasoning of the courts of appeal in the present case and in Bernard v. Duhon, 572 So.2d 161 (La.App. 1st Cir.1990); Wood on Behalf of Hayes v. Hayes, 524 So.2d 241, 243 (La.App. 5th Cir. 1988); Hildebrand v. Schnell, 441 So.2d 395, 397 (La.App. 4th Cir.1983); Moraus v. State, Through DOTD, 396 So.2d 596, 598 (La.App. 3d Cir.1981) as well as the dicta of this court in Randall v. Feducia, 507 So.2d 1237 (La. 1987). Those rationales must be disregarded as either unwarranted further interpretations in search of legislative intent when the law is clear and unambiguous or else policy arguments for a change in such a law that should be addressed to the legislature.
The present case also presents the issue of whether intervenors' wrongful death and survival claims are salvaged from the prescription bar according to the interpretations and applications of law in Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La. 1985) or Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983). But it is not necessary that we reach those issues herein, this case having been adequately disposed of for the above reasons.
Justice Lemmon's dissenting opinion asserts an argument not advanced by any party, viz., that "main demand," as that term is used in Article 1067, should be strictly construed to include only the original petition. We do not think such a narrow reading of the provision is justified.
First, the terms "principal demand," "principal action" and "main demand" are used interchangeably throughout La.Code Civ. P.'s chapter 6 on incidental actions to distinguish generically one class of demand, the chief or principal demand, from a second class of demands that are dependent on the main demand, viz., "incidental demands." See La.Code Civ.P. arts. 1031-34, 1036-39, 1061, 1063-67, 1093, 1111, 1113-15. Obviously, "principal action" or "principal demand" is no more limited in meaning to "original petition" than "incidental demand" is restricted to one type of the subordinate or dependent demands. Thus, although the principal action or demand is commenced by an original petition, it is not always confined to that pleading; once the petition has been validly amended the principal action or main demand encompasses the claim as amended or supplemented and not just the demand as set forth in the original petition.
Second, Louisiana Code of Civil Procedure article 1153 provides that amendments to petitions and answers which arise out of conduct set forth in the original pleading relate *1272 back to the date of the filing of the original pleading. This has long been interpreted to mean that the amended petition constitutes the plaintiff's principal action or demand as fully as if it had been set forth in the original petition. See Keller v. Townsley, 462 So.2d 264 (La.App. 1st Cir.1984), citing Self v. Great Atlantic & Pacific Tea Company, 178 La. 240, 151 So. 193 (1933); Id., citing Widow and Heirs of George King v. Wartelle, 14 La.Ann. 740 (1859); Lanusse v. Massicot, 3 Mart. (o.s.) 40 (La.1810); Hennen's Digest, 1182, No. 2. See also, American Brewing Co. v. Williams, 5 Orleans App. 274 (1908). Cf. Calloway v. City of New Orleans, 524 So.2d 182 (La.App. 4th Cir.1988); Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1st Cir. 1992).
Third, the dissenting opinion's interpretation of Article 1067 deprives it of vital force in counteracting the very evil that it was originally enacted to remedy. A typical example of a case in which the article was designed to apply is Keller v. Townsley, supra. After an auto accident Keller timely sued Townsley, his employer, Corr Tech, and their alleged insurer, CNA. Almost two years later, Keller filed a supplemental petition correctly naming the defendant insurer, Continental, alleging the development of serious brain damage, and increasing his demand by $500,000. Within ninety days of service of Keller's supplemental petition Townsley, Corr Tech and Continental reconvened against Keller for damages. The court correctly interpreted Article 1067 in reference to Article 1153 and concluded that Keller's supplemental petition constituted his principal action or main demand within the meaning of Article 1067 so that the reconventional demand against Keller was timely. In such a case, the dissenting opinion would overrule Keller v. Townsley and disallow the reconventional demand because it was filed more than ninety days after the service of the original petition. Clearly the dissent has misread the legislative intent because Article 1067 was initially added to protect defendants from being lulled into the loss of their right to assert actions and defenses through reconvention by plaintiffs' guile and delay in bringing forward their ultimate and true demands. Act 472 of 1970.
Consequently, for all of the foregoing reasons, we reject the interpretation and application of Article 1067 urged by the dissenting opinion. Furthermore, the dissenter's view would lead this court into a position of conflict with principles established in its prior decisions, including such cases as Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979). In that case we held that the timely petition by a workers' compensation insurer for damages against an alleged third person tortfeasor interrupted prescription in favor of the injured worker who intervened more than one year after the accident, in spite of the fact that the insurer's petition was eventually held not to state a cause of action. In such a case, this court held, to interrupt prescription the first suit must not only be based on the same factual occurrence as is the subsequent claim by amended petition or intervention; the subsequent claimant must also be closely connected in relationship and identity of interest with the original plaintiff. Id., citing Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973); Allstate Ins. Co. v. Louisiana Gas Service Co., 354 So.2d 503 (La.1978); National Surety Corporation v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965). That test is fully met in the present case. Further, as this court observed in Allstate Ins. Co. v. Theriot, the underlying reason why prescription does not bar the subsequent claim in these instances is that the defendants have adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against them. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and the loss or non-preservation of relevant proof. None of these basic prescriptive values are offended when a subsequent claimant, closely connected in relationship and interest to the original plaintiff, enters the timely-filed suit to assert a claim based upon the same factual occurrence as that initially pleaded. Id. at 954, 175 So.2d 263, citing Nini, supra; James and Hazard, Civil Procedure, § 5.7 (2d ed. 1977); Comment, Developments in the Law; Statutes of Limitation, 63 Harv.L.Rev. 1177, 1185 (1950).
*1273 For the reasons assigned, the judgment of the court of appeal is reversed, defendants' exception of prescription is overruled, and the case is remanded to the trial court for further proceedings consistent with this opinion. All costs in connection with the plea of prescription are to be paid by defendants.
REVERSED AND REMANDED TO THE TRIAL COURT.
MARCUS and LEMMON, JJ., dissent and assign reasons.
MARCUS, Justice (dissenting).
I dissent from the majority's holding that the intervention in the present case is not barred by prescription.
La.Code Civ.P. art. 1067 which provides:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Article 1067 permits the filing of an incidental demand "within ninety days of date of service of main demand...." I interpret this provision as granting an additional ninety days to file an incidental demand only to a party served with the main demand, that is, the defendant. This interpretation creates a parallel construction between the first and second provision of art. 1067. Specifically, in the second provision the third party defendant is given ninety days from service of process of the third party demand to file an incidental demand. Similarly, in the first provision a defendant is given ninety days from service of process of the main demand to file an incidental demand. Thus, under both provisions the party served is the party given the additional ninety days.
Furthermore, I believe that this interpretation is consistent with the purpose of art. 1067 which was designed to protect the defendant against whom suit is filed at the end or very near the end of the prescriptive period. The defendant, without the ninety days allowed by art. 1067, would be precluded by prescription from asserting an incidental demand against an adverse party, a co-party, or against a third person. Randall v. Feducia, 507 So.2d 1237 (La.1987). Accordingly, the extension of time allowed for asserting an incidental demand is limited to the defendant and does not allow a prescribed intervention to be somehow resuscitated by an amendment to the main demand adding a new defendant. See id. Therefore, art. 1067 does not protect intervenors' claims from being barred by prescription.
LEMMON, Justice, dissenting.
I agree that an intervention can be saved from prescription by La.Code Civ.Proc. art. 1067. However, Article 1067 does not save the intervention in the present case because the intervention, while meeting Article 1067's requirement that "it was not barred at the time the main demand was filed," does not meet Article 1067's second requirement that it was "filed within ninety days of date of service of main demand." (emphasis added).[1]
Article 1067 uses the phrase "main demand" twice, obviously referring to the same pleading. The "main demand" in the present case was filed on May 20, 1988 at which time the intervention was not barred. However, the intervention was not filed until August 3, 1990, more than two years after the service of the "main demand" and obviously outside Article 1067's ninety-day limitation. The fact that the intervention was filed one day after the amendment to the "main demand" (which merely added another insurer) does not avail intervenors (who were represented by the same attorney that filed the amendment and the "main demand"). Intervenors' claim prescribed *1274 ninety days after service of the "main demand" (unless prescription was interrupted under the Giroir or the Louviere decisions), and the amendment to the "main demand" could not revive the prescribed claim.
I would reject intervenors' Article 1067 argument and proceed to decide the Giroir and Louviere arguments.
NOTES
[*] Ortique, J., not on panel, recused.
[1] The intervention may well be saved from prescription by the principles of La.Code Civ.Proc. art. 1153, as interpreted in Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985). I voted to grant intervenors' application to determine if the intervention, treated as an amended petition, related back under Article 1153 and Giroir to the filing of the original petition. The ultimate question, whether the intervention is treated as an incidental action, an amended petition or a separate action, is whether prescription on intervenors' claim was interrupted (as in Louviere v. Shell Oil Co., 434 So.2d 411 (La.1983)) by the filing of the original petition.