JiPLOTKIN, Judge.
Defendants, Collision Specialists (“Collision”) and Canal Indemnity Insurance Co. (“Canal”), seek this court’s supervisory review of a trial court judgment overruling their exception of prescription concerning an petition for intervention filed by plaintiffs, Kenneth Goodman, Sr. and Ms children. We grant supervisory writs of review, but deny relief.
In an automobile accident which occurred on August 2, 1996, both Adam Jean-sonne, the driver of a vehicle which had stalled, and Valencia Goodman, driver of another vehicle which drove into the stalled vehicle, were Mlled. On July 31, 1997, Mr. Jeansonne’s father, Neil Jeansonne, filed survival and wrongful death claims against defendants Collision, an automotive repair shop that had rebuilt the engine of Jeansonne’s truck; the State of Louisiana through the Department of Transportation and Development, (DOTD), named for alleged improper design of the Mghway where the accident occurred; Ms. Goodman; Mr. Goodman, Ms. Goodman’s husband; Canal, insurer of Collision; and State Farm Insurance Co., insurer of the Goodman veMcle. On September 24, 1997, Mr. Goodman and his children filed a “Petition of Intervention” asserting wrongful 12death and survival actions. Named as parties were Neil Jeansonne, Collision, Canal, and DOTD. Canal and Collision, relators herein, filed an exception of prescription which the trial court overruled. They seek this court’s supervisory jurisdiction to review that ruling.
La. C.C.P. art. 1067 provides as follows:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within mnety days of date of service of main demand or in the ease of a third party defendant within ninety days from service of process of the third party demand.
*838 In Moore v. Gencorp, Inc., 633 So.2d 1268 (La.1994), the Louisiana Supreme Court reversed this court in a case concerning an intervention alleging a -wrongful death claim which was filed after the prescriptive period expired. In that case, the decedent was fatally injured in an automobile accident. The original plaintiff filed a wrongful death and survival action against the manufacturer of the allegedly defective tire in her capacity as natural tutrix and on behalf of her three minor children, who were the acknowledged illegitimate children of the decedent. She subsequently amended her pleading to add the defendant’s insurer. Subsequent to that filing, and after the expiration of the prescriptive period, a petition of intervention was filed by the decedent’s wife and children.
The question before the court in Moore was whether the legislature intended to exclude intervention from the meaning of the term “incidental demand” as it was used in La.C.C.P. art. 1067. The court concluded that an intervention was not intended to be excluded. Thus, the intervention filed by the “recently alerted wrongful death claimants” was not barred, because the main demand was timely filed and the intervention was filed within 90 days of the date of service of either the main demand or third party demand. The majority held that the amended 13petition which added the insurer could be considered a part of the main demand. Because the intervention was filed the day after amendment of the original petition, it was timely.
In discussing the meaning of “incidental demand,” the Moore court stated as follows:
It is undisputed that the amendment of the original petition asserted an action arising out of the same conduct, transaction, or occurrence set forth in the original pleading and therefore related back to the date of the filing of the original petition. La Code Civ. P. art. 1153. Further, there is no doubt that the intervention filed by the recently alerted (sic) wrongful death claimants was an incidental demand within the meaning given that term by the code of civil procedure. “Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties.” La.Code Civ. P. art. 1031 B.
633 So.2d at 1270.
In this case, to the extent that Mr. Moore has named Neil Jeansonne in the “Petition of Intervention”, the “Intervention” is a reconventional demand.[1] C.C.P. art. 1061 sets out what action may be asserted in the reconventional demand:
A. The defendant in the principal action may assert in a reconventional demand any causes of action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and recon-ventional demands.
B. The defendant in the principal action, except in an action for divorce under Civil Code article 102 or 103, shall assert in a reconventional demand all causes of faction that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.
Mr. Goodman’s actions against Canal, Collision, and DOTD are cross claims under La. C.C.P. art. 1071 which provides as follows:
A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter of either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the *839 party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant.
The cross-claims in this case allege the same causes of action set out in the principal , demand: that Collision is responsible for faulty repair work, and DOTD is responsible for faulty road design and poor road maintenance.
The claims by the Goodman children qualify as a classic intervention under La. C.C.P. art. 1091, which provides, in pertinent part, as follows:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant.
Here, the children unite with Neil Jeansonne in alleging the faulty repair work and faulty road design.
As stated in Moore, reconventional demands, cross-claims, and interventions are all incidental demands. Under Moore, the plaintiffs in the “Intervention,” which is more correctly characterized as a reconventional demand combined with a cross-claim combined with an intervention, had 90 days to file suit after the main demand was filed. The “Intervention” was in fact filed within 90 days.
The Moore court noted as follows
_Jjthe fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and the loss or non-preservation of relevant proof. None of these basic prescriptive values are offended when a subsequent claimant, closely connected in relationship and interest to the original plaintiff, enters the timely-filed suit to assert a claim based upon the same factual occurrence as that originally pleaded.
638 So.2d at 1272.
In the instant case, the original plaintiffs did not file suit until the prescriptive period had almost expired. La. C.C.P. art. 1067 exists for situations exactly like the one at hand. Clearly, the Goodmans had 90 days to file their petition, and they did so timely.
Collision and Canal attempt to argue that the Goodman action is wholly unrelated to the Jeansonne action because the actions relate to the deaths of different people. The argument clearly fails. All parties assert that Collision, for its faulty repair of the vehicle, and the DOTD, for its faulty road design, are partially or wholly responsible for the deaths of either or both parties. The actions arise out of the same action, transaction, or occurrence, and in fact name the same parties: Collision, Canal, and DOTD. The trial court correctly overruled the exception.
Accordingly, the relief requested by Collision and Canal is denied.
WRIT GRANTED; RELIEF DENIED.
LANDRIEU, J., concurs.
MURRAY, J., concurs for the reasons assigned by LANDRIEU, J.

. On September 2, 1996, the Goodmans entered a settlement agreement releasing all claims against “the estate of Adam Jeansonne.” Thereafter, the Goodmans filed the "Intervention” which is the subject of the instant writ application, naming Neil Jeansonne as a "party.” The effect of this seeming inconsistency cannot be determined from the documents attached to the writ application and the response. The concurrence interprets the existence of the settlement document to mean that the Goodmans have asserted no claims against "Jeansonne,” without distinguishing between Adam Jeansonne’s estate and Neil Jeansonne. However, Neil Jeansonne has not raised the settlement as a defense to the "Intervention”; on the record presented to this court, the Goodmans must be assumed to have asserted a valid claim against Neil Jeansonne.