JUANITA RODRIGUEZ, ET AL

VERSUS

AMERICAN ALTERNATIVE INSURANCE
COMPANY, ET AL

C/W

JOSEPH LEE, ET AL

VERSUS

KYLE KIRKLAND, CITY OF GRETNA,
AMERICAN ALTERNATIVE INSURANCE
COMPANY, ET AL

NO. 23-CA-568  C/W
23-CA-569

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 832-690 C/W 823-425, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

September 25, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Scott U. Schlegel

**<u>AFFIRMED</u>**
  **SUS**
  **SMC**
  **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR INTERVENOR/APPELLANT,
JOSE MANUEL RAMIREZ CANO, CELERINA CANO GALINDO,
INDIVIDUALLY, AND ERNESTO RAMIREZ AND CELERINA CANO
GALINDO, ON BEHALF OF THEIR MINOR CHILDREN, JONATHAN
REMIREZ CANO AND ERICA CANO GALINDO
    Joseph R. McMahon, III

COUNSEL FOR DEFENDANT/APPELLEE,
KYLE KIRKLAND, CITY OF GRETNA, AND AMERICAN ALTERNATIVE
INSURANCE COMPANY
    Leonard L. Levenson
    Christian W. Helmke
    Donna R. Barrios

**SCHLEGEL, J.**

Appellants/Intervenors, Jose Manuel Ramirez Cano, Celerina Cano Galindo, Jonathan Ramirez Cano, and Erica Cano Galindo ("appellants'), appeal the trial court's August 29, 2023 judgment, which granted defendants-in-intervention's exception of prescription and dismissed appellants' claims with prejudice. We find that the trial court did not err in granting the exception of prescription and dismissing the petition for intervention because appellants' claims failed to satisfy the requirements to assert a claim in intervention. For these reasons and those that follow, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

This matter involves a multi-vehicle accident that occurred on September 8, 2021, at the intersection of Claire Ave. and the Westbank Expressway. One of the plaintiffs who originally filed suit, Juanita Rodriguez, alleges in her petition that she was traveling northbound on Claire Ave. in her 2016 Honda CRV when she pulled up behind a 2004 Chevrolet Tahoe stopped at the redlight at the intersection of Claire Ave. and the Westbank Expressway. At the same time, defendant, Edson Santos, was operating a 2016 Ford Explorer and traveling eastbound on the Westbank Expressway near the Claire Ave. intersection. Defendant, Kyle Kirkland, was operating a 2017 Ford Explorer travelling southbound – in the wrong direction – on Claire Ave. near the intersection with the Westbank Expressway.[1]

According to Ms. Rodriguez, Mr. Kirkland's vehicle entered the intersection and struck Mr. Santos' vehicle. This collision then caused a chain reaction that resulted in Mr. Santos' vehicle striking the 2004 Chevrolet Tahoe, which then collided with Ms. Rodriguez's Honda CRV. Ms. Rodriguez alleges that Mr.

---

[1] Appellants allege in their petition for intervention that Claire Ave. is a one-way northbound direction street.

Kirkland was acting in the course and scope of his employment with the City of Gretna/Gretna Police Department at the time of the accident.

On September 7, 2022, Ms. Rodriguez and two passengers in her vehicle, Alejandro Fernandez and Wilmer Godoy, filed suit against Kyle Kirkland, the City of Gretna, its insurer, American Alternative Insurance Company, as well as Edson Santos, and his insurer, American Access Insurance Company. On October 3, 2022, defendants City of Gretna, American Alternative and Mr. Kirkland filed an answer to the petition. On October 12, 2022, appellants filed their petition for intervention alleging that they were passengers in Mr. Santos' vehicle at the time of the accident. Appellants named the same defendants and raised the same factual allegations as alleged in the petition filed by Ms. Rodriguez and the passengers in her vehicle.

On November 22, 2022, Mr. Santos filed a motion for leave to file a cross-claim against co-defendants, City of Gretna, its insurer American Alternative, and Mr. Kirkland. The trial court granted leave to file the cross-claim on November 27, 2022. Shortly thereafter, on December 1, 2022, appellants filed a motion for leave to file their petition for intervention. In their motion, appellants explained that at the time they filed their petition for intervention, they did not know that three of the defendants had filed an answer. Appellants further acknowledged that La. C.C.P. art. 1033 requires leave of court to file an incidental demand after an answer to the principal demand is filed.[2] On December 2, 2022, the trial court

---

[2] La. C.C.P. art. 1033 provides:

> An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
>
> An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
>
> An incidental demand that requires leave of court to file shall be considered as filed as of the date it is presented to the clerk of court for filing if leave of court is thereafter granted.

granted leave to file the petition for intervention and ordered that the petition "shall be considered filed as of October 12, 2022."

On December 12, 2022, defendants City of Gretna, its insurer American Alternative, and Mr. Kirkland ("defendants") filed an exception of prescription arguing that appellants' claims raised in the petition for intervention are their own independent claims for personal injuries allegedly sustained during the September 8, 2021 accident. Therefore, defendants argued that appellants' claims are untimely and prescribed on their face pursuant to La. C.C. art. 3492.[3] Defendants also anticipated that appellants would argue that their claims related back to the date of filing of the original petition pursuant to La. C.C.P. art. 1153, and urged the trial court to reject this argument because appellants are wholly new and unrelated parties with separate claims.

In their opposition memorandum, appellants argued that in *Stenson v. City of Oberlin*, 10-826 (La. 3/15/11), 60 So.3d 1205, the Louisiana Supreme Court determined that La. C.C.P. art. 1041, rather than Article 1153 applied to petitions of intervention. Appellants asserted that their petition for intervention was timely based on the exception to prescription set forth in La. C.C.P. art. 1041, which provides that an "incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand." Appellants argued that they filed their petition for intervention within the 90-day period. In reply, defendants argued that La. C.C.P. art. 1041 does not apply because appellants' petition for intervention failed to satisfy the requirements to intervene in a pending proceeding – particularly the requirement that the intervenor's interest must be so related or

---

[3] La. C.C.P. art. 3492 was repealed by Acts 2024, No. 423, § 2, effective July 1, 2024. However, Section 3 of Act 423 explains that the "Act shall be given prospective application only."

connected to the object of plaintiffs' claims in the original petition that a judgment in the original action will have a direct impact on the intervenor's claims.

Following oral argument on August 17, 2023, the trial court granted the exception of prescription. No evidence was introduced at the hearing. The trial court signed a written judgment on August 29, 2023, granting the exception of prescription and dismissing appellants' claims against defendants with prejudice. This appeal followed.

## **DISCUSSION**

On appeal, appellants argue that in granting defendants' exception of prescription, the trial court failed to follow the statutory authority in La. C.C.P. arts. 1031, 1041 and 1091, as well as jurisprudence governing interventions.

Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. *Meggs v. Davis Mortuary Service, Inc.*, 19-432 (La. App. 5 Cir. 8/5/20), 301 So.3d 1208, 1212. Of the possible constructions of a prescriptive statute, the one that maintains enforcement of the claim, instead of the one that bars enforcement should be adopted. *Law Enforcement District of Jefferson Parish v. Mapp Construction, LLC*, 19-543 (La. App. 5 Cir. 5/29/20), 296 So.3d 1260, 1263.

Generally, the party pleading an exception of prescription bears the burden of proving that the action has prescribed. *Baker v. Louisiana Citizens Property Ins. Corp.*, 12-480 (La. App. 5 Cir. 5/16/13), 119 So.3d 69, 72. However, if the petition is prescribed on its face, the burden shifts to the party opposing prescription to show that the action has not prescribed. *Id.* When prescription is evident on the face of the petition, the party opposing prescription must show that the running of prescription was suspended or interrupted in some manner. *Walker on Behalf of Fried v. ACE American Insurance Corporation*, 20-449 (La. App. 5 Cir. 5/26/21), 325 So.3d 1129, 1134, *writ denied*, 21-914 (La. 10/19/21), 326 So.3d

886. When no evidence is introduced at a hearing on an exception of prescription, it is analyzed on the facts pled in the petition, which are accepted as true, and review of the judgment is limited to whether the trial court's decision was correct legally. *Med. Rev. Panel for Bush*, 21-954 (La. 5/13/22), 339 So.3d 1118, 1123.

We agree with appellants that La. C.C.P. art. 1041 governs the determination of whether a petition for intervention is timely.[4] However, the issue before this Court is whether appellants' petition for intervention satisfies the requirements to intervene in a pending proceeding or whether appellants were required to file their own independent petition for damages. La. C.C.P. art. 1091 provides the requirements to file a petition for intervention:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
>
> (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
>
> (2) Uniting with defendant in resisting the plaintiff's demand; or
>
> (3) Opposing both plaintiff and defendant.

This Court has explained that the requirements for a third-party intervention are twofold: the intervenor must have a justiciable interest in, and connexity to, the principal action, and the interest must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. *ASI Fed. Credit Union v. Leotran Armored Sec., LLC*, 18-341 (La. App. 5 Cir. 11/7/18), 259 So.3d 1141, 1146; *Mangano Consultants, Inc. v. Bob Dean Enterprises, Inc.*, 05-449 (La. App. 5 Cir. 1/17/06), 921 So.2d 1081, 1085, *writ denied*, 06-437 (La. 4/28/06), 927 So.2d 295.

---

[4] La. C.C.P. art. 1041 provides an exception to prescription for incidental demands:

> An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third-party defendant within ninety days from service of process of the third-party demand.

A "justiciable interest" is defined as the right of a party to seek redress or a remedy against either the plaintiff or defendant in the original action, or both, and where those parties have a real interest in opposing it. *ASI Fed. Credit Union*, 259 So.3d at 1146. If a justiciable interest exists, it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. *Villarrubia v. Villarrubia*, 18-320 (La. App. 5 Cir. 12/27/18), 264 So.3d 554, 559.

"It is well settled that an intervenor takes the proceedings as he finds them." *IberiaBank v. Live Oak Circle Dev., L.L.C.*, 12-1636 (La. App. 1 Cir. 5/13/13), 118 So.3d 27, 32. "The intervenor cannot change the issue between the parties, and can raise no new one." *Id.* "The intervenor's rights are confined to joining or resisting either the plaintiff or defendant, or to opposing both." *Id.*

Appellants contend that their petition for intervention is proper because their claims arise from the same accident and involve the same facts against the same defendants. Appellants contend that their claims comply with La. C.C.P. art. 1091 because they are simply joining the existing plaintiffs in demanding the same relief under the same cause of action. Though appellants' claims arose from the same accident and they named the same defendants as the original plaintiffs, we do not agree that their claims are so related and connected with the object of the pending action to qualify as an intervention. First, appellants were passengers in a different vehicle than the original plaintiffs. Appellants were involved in the initial collision between Mr. Kirkland and Mr. Santos, while the original plaintiffs were in the last vehicle affected by the chain reaction caused by the initial collision. More significantly, appellants and the original plaintiffs do not seek the same relief. Their personal injuries and resulting claims for damages are not the same. And appellants' damages claims are not dependent upon and will not be directly

impacted by any judgment entered in favor of the original plaintiffs for their personal injuries.

In *Theodore v. Johnson*, 21-668 (La. App. 4 Cir. 3/30/22), 366 So.3d 211, 214, *writ denied*, 22-794 (La. 9/20/22), 346 So.3d 282, the Fourth Circuit addressed a similar issue. In that case, the intervenor, Jarrell Taylor, was a passenger in a vehicle driven by the original plaintiff, Jermar Theodore. Mr. Theodore's vehicle collided with a vehicle driven by Brenton Johnson on March 10, 2020. Mr. Johnson worked for IMC Holding, LLC at the time of the accident. Mr. Theodore filed suit on March 10, 2021, against Mr. Johnson, his employer, and the insurer of the vehicle driven by Mr. Johnson. On April 16, 2021, Mr. Taylor filed a petition for intervention against the same defendants, as well as Mr. Theodore and his insurer. Just as in this matter, the defendants filed an exception of prescription arguing that Mr. Taylor's petition was untimely because he filed it more than a year after the accident. Following a hearing, the trial court granted the exception.

On appeal, the Fourth Circuit affirmed the trial court's judgment because Mr. Taylor's claims were not properly raised by means of intervention. *Id.* at 215. Even though Mr. Taylor and Mr. Theodore were in the same vehicle, the court reasoned that, although there may be some connection between their claims, the two actions were not "so connected where a judgment in Mr. Theodore's case would affect the rights of Mr. Taylor." *Id.* at 214. The connection between appellants' and the original plaintiffs' claims in the present matter is even more remote than the scenario in *Theodore* because they were in completely different vehicles and involved in different phases of the accident.

Further, in *Gonzalez v. Jimmerson*, 18-480 (La. App. 3 Cir. 2/6/19), 2019 WL 462830, *writ denied*, 19-616 (La. 6/17/19), 274 So.3d 570, the plaintiff, Dionisio Gonzalez, filed suit after a truck driven by defendant, Carey Jimmerson,

hit his truck. Over a year after the accident, a supplemental and amending petition was filed, adding Gregario Gonzalez, who was a passenger in Dionisio's truck at the time of the accident. Defendants filed an exception of prescription, which the trial court granted. On appeal, Gregario argued that the supplemental and amending petition was actually an incidental demand – an intervention – governed by the prescription exception provided in La. C.C.P. art. 1041. The Third Circuit rejected this argument finding that Gregario's claim was a wholly separate cause of action. *Id.* at 3. The court further reasoned that Gregario's claim was not dependent on a judgment rendered in the principal action and La. C.C.P. art. 1041 did not apply. *Id.*

Appellants urge this Court to follow an older Fourth Circuit decision in *Jeansonne v. Canal Indem. Ins. Co*., 98-240 (La. App. 4 Cir. 5/20/98), 714 So.2d 836. *Jeansonne* involved a motor vehicle accident that occurred on August 2, 1996, and resulted in the death of two individuals operating two different vehicles – Adam Jeansonne's vehicle, which stalled and Valencia Goodman's vehicle, which hit the stalled vehicle. On July 31, 1997, Mr. Jeansonne's father filed suit against the repair shop that rebuilt the engine of the stalled vehicle and its insurer, as well as Valencia Goodman's surviving spouse, Kenneth Goodman, Sr., and his insurance company. Mr. Jeansonne also sued the State of Louisiana through the Department of Transportation and Development for alleged improper design of the highway where the accident occurred. On September 24, 1997, more than a year after the accident, Mr. Goodman and his children filed a petition for intervention asserting wrongful death and survival actions against the repair shop, its insurer, the DOTD, and Mr. Jeansonne's father.

The defendant repair shop and its insurer filed an exception of prescription arguing that the Goodman children's petition for intervention was prescribed because the exception to prescription provided by La. C.C.P. art. 1067 (now

redesignated as Article 1041 by Acts 2017, No. 419, § 5) did not apply. They argued that the Goodman action was wholly unrelated to the Jeansonne action because they involved the death of different people. The trial court overruled the exception and the Fourth Circuit agreed. The Fourth Circuit recognized that Mr. Goodman's claims in the petition for intervention qualified as a reconventional demand and cross-claim since he was already joined as a defendant to the proceedings by Mr. Jeansonne. *Id.* at 838. The Fourth Circuit did not separately analyze the Goodman children's intervention claims pursuant to the requirements established under La. C.C.P. art. 1091, but simply reasoned that all the Goodman family's claims arose out of the same action, transaction or occurrence, and alleged the same claims against the same defendant.[5]

Consequently, we do not find the *Jeansonne* decision to be persuasive. The requirement is not that the claims arise out of the same transaction or occurrence, but rather they must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. And in its more recent decision in *Theodore*, *supra*, the

---

[5] We observe that the prerequisites for a previously named defendant to bring a reconventional demand pursuant to La. C.C.P. art. 1061 or a cross-claim pursuant to La. C.C.P. art. 1071, are less stringent than those required for a new third party to intervene in a proceeding pursuant to La. C.C.P. art. 1091. In fact, La. C.C.P. art. 1061(B) requires a defendant to bring all reconventional demands arising out of the same transaction or occurrence at issue in the principal demand:

> A. The defendant in the principal action may assert in a reconventional demand any causes of action that the defendant may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.

> B. Except as otherwise provided in Article 3657, and except in an action for divorce under Civil Code Article 102 or 103 or in an action under Civil Code Article 186, the defendant in the principal action shall assert in a reconventional demand all causes of action that the defendant may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.

La. C.C.P. art. 1071 governing cross-claims also applies the less stringent same transaction or occurrence standard:

> A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant.

Fourth Circuit applied the correct standard – that is, whether the third-party's interest is so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights – to determine that the third party could not bring his claims by means of a petition for intervention.

Finally, appellants argue that the trial court erred by failing to follow the Louisiana Supreme Court's decision in *Moore v. Gencorp, Inc.*, 93-814 (La. 3/22/94), 633 So.2d 1268. However, just as in *Jeansonne*, the *Moore* court did not analyze the issue of whether the intervenors' claims satisfied the requirements of La. C.C.P. art. 1091. Rather, the issues before the court were procedural: 1) whether Article 1067 (now redesignated as Article 1041) applied to interventions and 2) whether the incidental demand must be filed within 90 days of the original petition or whether it could be filed within 90 days of service of an amended petition that related back to the original petition. *Id.* at 1270-72. In addition, the *Moore* case is distinguishable because the original plaintiffs and intervenors were all children of the decedent involved in the accident. The Supreme Court further observed that denial of an exception of prescription was appropriate where the subsequent claimants were "closely connected in relationship and interest" to the original plaintiffs. *Id.* at 1272.

Here, no close connection or relationship exists between the original plaintiffs and appellants. There is no familial relationship between them, and they were in separate vehicles involved in different stages of the accident. The original plaintiffs and appellants each seek his or her own separate relief for the personal injuries sustained during the accident. The only common factors are that their claims arise out of the same accident and they sued the same defendants for negligence. Thus, we find that the trial court did not err in granting the exception of prescription. Appellants have failed to satisfy their burden to establish that their

claims are so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenors' rights. As a result, their claims do not qualify as claims in intervention and the exception to prescription provided by La. C.C.P. art. 1041 does not apply here.

## CONCLUSION

Accordingly, we affirm the trial court's judgment granting the exception of prescription filed by defendants, City of Gretna, its insurer American Alternative, and Mr. Kirkland, and dismissing appellants' claims with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 25, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-CA-568

### C/W 23-CA-569

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
BRIAN V. BUCHERT (APPELLEE)          JOSEPH R. MCMAHON, III (APPELLANT)      CRISTIAN P. SILVA (APPELLEE)
CHRISTIAN W. HELMKE (APPELLEE)       LEONARD L. LEVENSON (APPELLEE)         W. J. LEBLANC, JR. (APPELLEE)

**MAILED**
HONORABLE PAUL A. BONIN (DISTRICT        KEVIN O. LARMANN (APPELLEE)          DONALD A. MAU (APPELLEE)
JUDGE)                                   ATTORNEY AT LAW                      ATTORNEY AT LAW
TWENTY-FOURTH JUDICIAL DISTRICT          2424 EDENBORN AVENUE                 3721 HESSMER AVENUE
COURT                                    SUITE 670                            METAIRIE, LA 70002
JUDGE PRO TEMPORE, DIVISION "I"          METAIRIE, LA 70001
200 DERBIGNY STREET                                                           COLLEEN B. GANNON (APPELLEE)
3RD FLOOR, SUITE 3600                    J. CASEY COWLEY (APPELLEE)           DONNA R. BARRIOS (APPELLEE)
GRETNA, LA 70053                         RYAN P. EARLY (APPELLEE)             ATTORNEYS AT LAW
                                         ATTORNEYS AT LAW                     650 POYDRAS STREET
CARISA R. GERMAN-ODEN (APPELLEE)         620 NORTH CARROLLTON AVENUE          SUITE 2750
DANIEL J. POOLSON, JR. (APPELLEE)        NEW ORLEANS, LA 70119                NEW ORLEANS, LA 70130
ATTORNEYS AT LAW
3900 NORTH CAUSEWAY BOULEVARD
SUITE 680
METAIRIE, LA 70002

DONALD P. DORENKAMP, II (APPELLEE)
RANDALL C. MULCAHY (APPELLEE)
ATTORNEYS AT LAW
909 POYDRAS STREET
SUITE 1800
NEW ORLEANS, LA 70112